## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ITHZAK KEREN and ARIELLA KEREN, h/w <br> 20 Wilshire Drive <br> Spring Valley, NY 10977 <br><br> Plaintiff, <br><br> v. <br><br> CHARLES RADFORD <br> 1434 Alleghenyville Road <br> Mohnton, PA 19540 <br>     and <br> ADCOCK BROTHERS, INC. <br> 14 Anthony Drive <br> Manheim, PA 17545 <br>     and <br> ADCOCK BROTHERS AUTO TRANSPORT, INC. <br> 14 Anthony Drive <br> Manheim, PA 17545 <br>     and <br> MANHEIM D/B/A MANHEIM PENNSYLVANIA AUTO AUCTION <br> 1190 Lancaster Road <br> Manheim, PA, 17545 <br><br>     and <br> JOHN JANE DOES 1-5 <br>     and <br> XYZ COMPANIES 1-5 <br><br> Defendants. | CASE NO. _____ <br><br><br> JURY TRIAL DEMANDED |

### **CIVIL ACTION COMPLAINT**

Plaintiffs, Ithzak Keren and Ariella Keren, husband and wife, by and through their undersigned attorneys, Sean M. McMonagle, Esquire, and The Rothenberg Law Firm LLP, herein complain of the above-captioned defendants and state the following:

**PARTIES**

1. Plaintiffs, Ithzak Keren (hereinafter "Mr. Keren") and Ariella Keren, are adult citizens and residents of theState of New York, residing at 20 Wilshire Drive, Spring Valley, NY.

2. Defendant, Charles Radford (hereinafter "Radford"), is alleged and therefore averred to be an adult individual residing at 1434 Alleghenyville Road, Mohnton, PA 19540.

3. Defendant, Adcock Brothers, Inc., is alleged and therefore averred to be a Pennsylvania and/or foreign business, company, entity, partnership, limited liability company, franchise, fictitious name, proprietorship, non-profit or corporation which regularly conducts business in the Commonwealth of Pennsylvania, with offices located at 14 Anthony Drive, Manheim, PA 17545.

4. Defendant, Adcock Brothers Auto Transport, Inc., is alleged and therefore averred to be a Pennsylvania and/or foreign business, company, entity, partnership, limited liability company, franchise, fictitious name, proprietorship, non-profit or corporation which regularly conducts business in the Commonwealth of Pennsylvania, with offices located at 14 Anthony Drive, Manheim, PA 17545.

5. At all times relevant hereto, Defendants, Adcock Brothers, Inc. and Adcock Brothers Auto Transport, Inc. (hereinafter collectively referred to as "Adcock"), were in the business of transporting vehicles.

6. At all times material hereto, defendant Radford was employed and/or contracted and/or retained by Adcock as a vehicle transport driver.

7. Defendant, Manheim d/b/a Manheim Pennsylvania Auto Auction is alleged and therefore averred to be a Pennsylvania and/or foreign business, company, entity, partnership,

limited liability company, franchise, fictitious name, proprietorship, non-profit or corporation which regularly conducts business in the Commonwealth of Pennsylvania, with offices located at 1190 Lancaster Road, Manheim, PA 17545.

8. Defendants, John Jane Doe 1-5, these names being fictitious, are individuals whose identifies cannot be ascertained as of the filing of this Complaint, certain of whom are in some manner responsible for the occurrences and claims in this Complaint, and are liable for damages claimed in this action.

9. Defendants, XYZ Companies 1-5, these names being fictitious, are entities whose identities cannot be ascertained as of the filing of this Complaint, certain of which are the corporate successors to, or are otherwise related to, one or more of the Defendants and in some manner are responsible for the occurrences and claims in this Complaint.

## JURISDICTION AND VENUE

10. Plaintiffs are citizens of the State of New York and Defendants are citizens of the State of Pennsylvania. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. Jurisdiction over this action is vested in this Court as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332.

12. The practices and conduct alleged herein occurred in the Eastern District of Pennsylvania wherein the Defendants operate and/or reside and where the incident took place.Therefore, venue in this Court is proper pursuant to 28 U.S.C. §§1332.

**JURISDICTION AND VENUE**

13. On December 1, 2019, Mr. Keren was attending an auto auction at Manheim Pennsylvania Auto Auction located at 1190 Lancaster Road, Manheim, PA.

14. On December 1, 2019, defendant Radford, in and through the course of his employment with Adcock, was also attending the auto auction at Manheim Pennsylvania Auto Auction.

15. Upon information and belief, at all times relevant hereto, defendant Radford was the operator of a Honda Fit vehicle and was in the process of loading said vehicle onto defendant Adcock's vehicle transporter.

16. At the aforesaid time and place, defendant Radford, while backing said Honda vehicle onto the Adcock vehicle transporter, and without any warning whatsoever, forcefully struck Mr. Keren, a lawful pedestrian in the parking lot.

17. Upon information belief, defendant Radford stopped and exited the vehicle and observed Mr. Keren laying on the ground behind the vehicle.

18. As a result of the incident, Mr. Keren sustained catastrophic personal injuries including, but not limited to, injuries to his cervical, thoracic and lumbar regions central disc herniation at L4-5, central disc herniation at T6-T7, right-sided disc herniation at T7-T8, anterior disc bulging at T-9-T10, T-10-T11 and T-12-L1, Grade I spondylolisthesis of L5 on S, left hand numbness, right thumb numbness, left leg shooting pains, left leg numbness below the knee and in left foot, restricted range of motion and pain, requiring surgical intervention on C5-6, specifically a fusion of the upper thoracic spine, which injuries require continuous medical treatment, pain management treatments and physical therapy.

19. As a direct and proximate result of the incident, Mr. Keren suffered and continues to suffer physical pain and limitations, which are permanent.

## COUNT I – NEGLIGENCE
## Plaintiff, Ithzak Keren v. Radford

20. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if same were fully set forth herein.

21. At the aforesaid time and place, defendant Radford operated the said Honda vehicle so negligently, recklessly and carelessly so as to cause his vehicle to suddenly and severely strike Mr. Keren, resulting in serious and permanent injuries to Mr. Keren, as hereinafter described.

22. The negligence, recklessness and carelessness of defendant Radford, includes, but is not limited to, the following:

   (a) Failing to have the vehicle under proper and adequate control;

   (b) Disregarding surroundings while backing up the vehicle;

   (c) Failing to warn of the approach of the vehicle without due regard for the rights and safety of pedestrians and Mr. Keren;

   (d) Operating the vehicle in a reckless, dangerous and unsafe manner;

   (e) Failing to make timely application of the vehicle's brakes and horn;

   (f) Failing to maintain a proper lookout;

   (g) Failing to properly inspect the area around the vehicle before moving said vehicle;

   (h) Operating the motor vehicle in violation of the ordinances of the County of Lancaster and the statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles;

   (i) Otherwise failing to use due care and caution under the circumstances;

      (j)   Negligence as a matter of law; and,

      (k)   Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

23. By virtue of the above-referenced conduct, acts and/or omissions, defendant, Radford breached his duty of care to Plaintiff.

24. This incident resulted solely from the negligence and carelessness of defendant, Radford and was due in no manner whatsoever to any act or failure to act on the part of Mr. Keren.

25. As a result of the incident, Mr. Keren sustained catastrophic personal injuries including, but not limited to, injuries to his cervical, thoracic and lumbar central disc herniation at L4-5, central disc herniation at T6-T7, right-sided disc herniation at T7-T8, anterior disc bulging at T-9-T10, T-10-T11 and T-12-L1, Grade I spondylolisthesis of L5 on S, left hand numbness, right thumb numbness, left leg shooting pains, left leg numbness below the knee and in left foot, restricted range of motion and pain, requiring surgical intervention on C5-6, specifically a fusion of the upper thoracic spine, which injuries require continuous medical treatment, pain management treatments and physical therapy.

26. As a result of the aforesaid incident, Mr. Keren has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure himself of the injuries sustained as aforesaid, any and all of which may continue to his great financial loss and detriment

27. Further, Mr. Keren has been and may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of earning capacity.

28. Further, Mr. Keren may have sustained other damages as a result of the incident.

29. As a direct result of the aforesaid incident, Mr. Keren has suffered great physical pain and mental anguish all of which may continue in the future.

30. Further, Mr. Keren has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities to his great detriment and loss.

WHEREFORE, Plaintiffs, demand judgement against Defendants in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, together with the costs and disbursements of this action.

## COUNT II – NEGLIGENCE
### Plaintiff, Ithzak Keren v. Adcock

31. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

32. On the aforesaid date and place, defendant Radford, by and at the direction of his employment with Adcock, operated the said Honda vehicle so negligently, recklessly and carelessly so as to cause his vehicle to suddenly and severely strike Mr. Keren, resulting in serious and permanent injuries to Mr. Keren, as hereinafter described.

33. The negligence, recklessness and carelessness of defendant, Adcock, by their agent, servant, workman and/or employee, defendant, Radford, includes, but is not limited to the following:

    (a) Failing to have the vehicle under proper and adequate control;

    (b) Disregarding surroundings while backing up the vehicle;

    (c) Failing to warn of the approach of the vehicle without due regard for the rights and safety of the Mr. Keren;

    (d) Operating the vehicle in a reckless, dangerous and unsafe manner;

    (e) Failing to make timely application of the vehicle's brakes and horn;

(f) Failing to maintain a proper lookout;

(g) Failing to properly inspect the area around the vehicle before moving said vehicle;

(h) Operating their motor vehicle in violation of the ordinances of the County of Lancaster and the statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles;

(i) Otherwise failing to use due care and caution under the circumstances;

(j) Negligence as a matter of law; and,

(k) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

34. The negligence, recklessness and carelessness of defendant, Adcock, in its own right, consisted of the following:

(a) Allowing and permitting their vehicle to be operated by Radford, when they knew or should have known in the exercise of reasonable care that defendant Radford, was not adequately trained to operate or was otherwise incapable of safely operating and/or loading vehicles onto defendant's vehicle transporter;

(b) Failing to investigate and/or negligently investigating the driving ability of defendant Radford, prior to allowing him to operate and/or load vehicles onto the vehicle transporter;

(c) Negligently hiring, training and supervising defendant Radford as to the safe and proper way to operate and/or load vehicles onto the vehicle transporter;

(d) Otherwise failing to use due care and caution under the circumstances;

(e) Negligence as a matter of law; and,

   (f) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

35. By virtue of the above-referenced conduct, acts and/or omissions, defendant Adcock breached its duty of care to Plaintiff.

36. This incident resulted solely from the negligence and carelessness of Adcock herein and was due in no manner whatsoever to any act or failure to act on the part of Mr. Keren.

37. As a result of the incident, Mr. Keren sustained catastrophic personal injuries including, but not limited to, injuries to his cervical, thoracic and lumbar regions central disc herniation at L4-5, central disc herniation at T6-T7, right-sided disc herniation at T7-T8, anterior disc bulging at T-9-T10, T-10-T11 and T-12-L1, Grade I spondylolisthesis of L5 on S, left hand numbness, right thumb numbness, left leg shooting pains, left leg numbness below the knee and in left foot, restricted range of motion and pain, requiring surgical intervention on C5-6, specifically a fusion of the upper thoracic spine, which injuries require continuous medical treatment, pain management treatments and physical therapy.

38. As a result of the aforesaid incident, Mr. Keren has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure himself of the injuries sustained as aforesaid, any and all of which may continue to his great financial loss and detriment.

39. Further, Mr. Keren has been and may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of earning capacity.

40. As a direct result of the aforesaid incident, Mr. Keren has suffered great physical pain and mental anguish all of which may continue in the future.

41. Further, Mr. Keren has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities to his great detriment and loss.

WHEREFORE, Plaintiffs, demand judgement against Defendants in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, together with the costs and disbursements of this action.

### COUNT III – NEGLIGENCE
### Plaintiff, Ithzak Keren v. Manheim d/b/a Manheim Pennsylvania Auto Auction

42. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

43. On the aforesaid date and place, defendant, Manheim d/b/a Manheim Pennsylvania Auto Auction was the owner and/or operator of an auto auction at which Mr. Keren was struck by a vehicle, resulting in serious and permanent injuries to Mr. Keren, as hereinafter described.

44. As owner and/or operator of the subject auto auction, defendant, Manheim was responsible, individually and by and through its agents, to maintain its property in a safe condition for invitees, including Mr. Keren.

45. The negligence, recklessness and carelessness of defendant, Manheim d/b/a Manheim Pennsylvania Auto Auction, consisted of the following:

   (a) Allowing and permitting vehicles to operate, load or unloading in areas unsafe to do so;

   (b) Allowing pedestrians to walk in areas that are unsafe due to the operation, loading and/or unloading of vehicles;

   (c) Failing to maintain, direct, control, manage, operate, monitor and supervise its property in a safe condition;

(d) Failing to have proper policies, warnings and procedures in place to keep its business invites safe;

(e) Failure to have a proper layout for the auto auction to keep its business invitees safe;

(f) Failure to adequately inspect its property to maintain it in a safe condition;

(g) Allowing the unsafe operation, movement and loading/unloading of transport vehicles;

(h) Otherwise failing to use due care and caution under the circumstances;

(i) Negligence as a matter of law; and,

(j) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

46. By virtue of the above-referenced conduct, acts and/or omissions, defendant, Manheim d/b/a Manheim Pennsylvania Auto Auction breached its duty of care to Plaintiff.

47. This incident resulted solely from the negligence and carelessness of Defendant, Manheim herein and was due in no manner whatsoever to any act or failure to act on the part of Mr. Keren.

48. As a result of the incident, Mr. Keren sustained catastrophic personal injuries including, but not limited to, injuries to his cervical, thoracic and lumbar regions central disc herniation at L4-5, central disc herniation at T6-T7, right-sided disc herniation at T7-T8, anterior disc bulging at T-9-T10, T-10-T11 and T-12-L1, Grade I spondylolisthesis of L5 on S, left hand numbness, right thumb numbness, left leg shooting pains, left leg numbness below the knee and in left foot, restricted range of motion and pain, requiring surgical intervention on C5-6,

specifically a fusion of the upper thoracic spine, which injuries require continuous medical treatment, pain management treatments and physical therapy.

49. As a result of the aforesaid incident, Mr. Keren has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure himself of the injuries sustained as aforesaid, any and all of which may continue to his great financial loss and detriment.

50. Further, Mr. Keren has been and may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of earning capacity.

51. Further, Mr. Keren avers that he may have sustained other damages as a result of the incident.

52. As a direct result of the aforesaid incident, Mr. Keren has suffered great physical pain and mental anguish all of which may continue in the future.

53. Further, Mr. Keren has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities to his great detriment and loss.

WHEREFORE, Plaintiffs, demand judgement against Defendants in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, together with the costs and disbursements of this action.

**FOURTH COUNT**
**Plaintiff, Ithzak Keren v. Defendants, Jane/John Doe and XYC Companies 1-5.**

54. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if same were fully set forth herein.

55. The negligence, recklessness and carelessness of defendants, John/Jane Doe and XYZ Companies 1-5, individually and by their agent, servant, workman and/or employee, defendant, Radford, includes, but is not limited to the following:

(a) Failing to have the vehicle under proper and adequate control;

(b) Disregarding surroundings while backing up the vehicle;

(c) Failing to warn of the approach of the vehicle without due regard for the rights and safety of the Mr. Keren;

(d) Operating the vehicle in a reckless, dangerous and unsafe manner;

(e) Failing to make timely application of the vehicle's brakes and horn;

(f) Failing to maintain a proper lookout;

(g) Failing to properly inspect the area around the vehicle before moving said vehicle;

(h) Operating their motor vehicle in violation of the ordinances of the County of Lancaster and the statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles;

(i) Otherwise failing to use due care and caution under the circumstances;

(j) Negligence as a matter of law; and,

(k) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

(l) Allowing and permitting their vehicle to be operated by Radford, when they knew or should have known in the exercise of reasonable care that defendant Radford, was not adequately trained to operate or was otherwise incapable of safely operating and/or loading vehicles onto defendant's vehicle transporter;

(m) Failing to investigate and/or negligently investigating the driving ability of defendant Radford, prior to allowing him to operate and/or load vehicles onto the vehicle transporter;

(n) Negligently hiring, training and supervising defendant Radford as to the safe and proper way to operate and/or load vehicles onto the vehicle transporter;

(o) Otherwise failing to use due care and caution under the circumstances;

(p) Negligence as a matter of law; and,

(q) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

56. By virtue of the above-referenced conduct, acts and/or omissions, defendants breached their duty of care to Plaintiff.

57. This incident resulted solely from the negligence and carelessness of Defendants herein and was due in no manner whatsoever to any act or failure to act on the part of Mr. Keren.

58. As a result of the incident, Mr. Keren sustained catastrophic personal injuries including, but not limited to, injuries to his cervical, thoracic and lumbar central disc herniation at L4-5, central disc herniation at T6-T7, right-sided disc herniation at T7-T8, anterior disc bulging at T-9-T10, T-10-T11 and T-12-L1, Grade I spondylolisthesis of L5 on S, left hand numbness, right thumb numbness, left leg shooting pains, left leg numbness below the knee and in left foot, restricted range of motion and pain, requiring surgical intervention on C5-6, specifically a fusion of the upper thoracic spine, which injuries require continuous medical treatment, pain management treatments and physical therapy.

59. As a result of the aforesaid incident, Mr. Keren has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure himself of the injuries sustained as aforesaid, any and all of which may continue to his great financial loss and detriment.

60. Further, Mr. Keren has been and may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of earning capacity.

61. Further, Mr. Keren avers that he may have sustained other damages as a result of the incident.

62. As a direct result of the aforesaid incident, Mr. Keren has suffered great physical pain and mental anguish all of which may continue in the future.

63. Further, Mr. Keren has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities to his great detriment and loss.

WHEREFORE, Plaintiffs, demand judgement against Defendants in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, together with the costs and disbursements of this action.

## FIFTH COUNT
### Ariella Keren v. Defendants

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

65. As a result of the aforesaid negligence, carelessness, and recklessness of Defendants, Plaintiff, Ariella Keren, has been and may in the future be deprived of her husband's services, companionship and society and hereby claims loss of consortium to her great detriment and loss.

WHEREFORE, Plaintiff, Ariella Keren, demands judgment against Defendants in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, together with the costs and disbursements of this action.

THE ROTHENBERG LAW FIRM

Dated: 11/5/21

By: *Sean McMonagle*
Sean M. McMonagle
Attorney for Plaintiffs

**DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand that all issues of fact herein, be determined by a Jury.

THE ROTHENBERG LAW FIRM

Dated: 11/5/21

By: *Sean McMonagle*
Sean M. McMonagle
Attorney for Plaintiffs

## VERIFICATION

ITHZAK KEREN, states that he is the Plaintiff herein, that he is acquainted with the facts set forth in the foregoing Civil Action Complaint, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Date: _sep/2nd/2021_                                                   _____
                                                                                    IZTHAK KEREN